UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARY BENAVIDES,

Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

Defendant.

No. 2:17-cv-2601 DB

ORDER

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[1] Plaintiff argues that the Administrative Law Judge failed to account for plaintiff's bilateral upper extremity limitations, and that the Vocational Expert's testimony was erroneous. For the reasons explained below, plaintiff's motion is denied, defendant's cross-motion is granted, and the decision of the Commissioner of Social Security ("Commissioner") is affirmed.

PROCEDURAL BACKGROUND

In February of 2014, plaintiff filed applications for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act") and for Supplemental Security Income

[1] Both parties have previously consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c). (See ECF Nos. 8 & 9.)

("SSI") under Title XVI of the Act alleging disability beginning on January 1, 2014. (Transcript ("Tr.") at 35, 199-210.) Plaintiff's alleged impairments included left foot arthritis and left hand pain. (Id. at 87.) Plaintiff's applications were denied initially, (id. at 123-28), and upon reconsideration. (Id. at 130-34.)

Thereafter, plaintiff requested a hearing which was held before an Administrative Law Judge ("ALJ") on May 23, 2016. (Id. at 47-64.) Plaintiff was represented by an attorney and testified at the administrative hearing. (Id. at 47-49.) In a decision issued on July 20, 2016, the ALJ found that plaintiff was not disabled. (Id. at 42.) The ALJ entered the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2014.
>
> 2. The claimant has not engaged in substantial gainful activity since January 1, 2014, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).
>
> 3. The claimant has the following severe impairments: obesity, degenerative joint disease of the left foot, and left carpometacarpal (CMC) degenerative joint disease at the left hand (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she is limited to occasional climbing of ladders, ropes, or scaffolds. She is able to frequently crouch, crawl, and climb ramps and stairs. She is frequently able to handle and finger with the left upper extremity.
>
> 6. The claimant is capable of performing past relevant work as a receptionist and office clerk. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).
>
> 7. The claimant has not been under a disability, as defined in the Social Security Act, from January 1, 2014, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

(Id. at 37-42.)

////

On September 25, 2017, the Appeals Council denied plaintiff's request for review of the ALJ's July 20, 2016 decision. (Id. at 9-13.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on December 12, 2017. (ECF No. 1.)

LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

////

> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

APPLICATION

Plaintiff's pending motion argues that the ALJ committed the following two principal errors: (1) the ALJ failed to properly assess plaintiff's bilateral upper extremity limitations; and (2) the Vocational Expert's testimony was erroneous. (Pl.'s MSJ (ECF No. 13) at 7-15.[2])

## I. Bilateral Upper Extremity Limitations

Plaintiff argues that the "ALJ's assessment does not consider her limitations of her right upper extremity." (Id. at 10.) And that "the limitations due to her right upper extremity impairment may prevent her from being able to perform her past relevant work." (Id.) Plaintiff's argument in support of this claim, however, relies largely on plaintiff's subjective testimony.

For example, plaintiff notes that plaintiff "testified that her right hand bothers her as well as her left." (Id. at 7.) That at the hearing, plaintiff testified that "her right hand was swollen and felt like her hand was asleep." (Id.) And that it was difficult to do various daily activities due to the pain in plaintiff's hands. (Id.) The ALJ, however, rejected plaintiff's testimony "concerning the intensity, persistence, and limiting effects" of plaintiff's symptoms. (Tr. at 40.)

Plaintiff also cites to a few instances in which plaintiff complained of right-hand pain. (Pl.'s MSJ (ECF No. 13) at 8-10.) Again, however, these instances involve plaintiff's subjective complaint of impairment. Plaintiff's motion is unable to dispute the ALJ's finding that, aside from plaintiff's "subjective complaints, the medical record contains no objective findings that would support a medically determinable impairment involving her right hand or foot." (Id. at 41.)

---

[2] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

For the reasons stated above, the court finds that the ALJ did not fail to properly assess plaintiff's bilateral upper extremity limitations. Plaintiff, therefore, is not entitled to summary judgment on this claim.

**II. Vocational Expert Testimony**

Plaintiff's also asserts that the Vocational Expert's ("VE") testimony with respect to plaintiff's ability to perform past relevant work was erroneous. First, plaintiff claims that plaintiff's lack of "average finger dexterity due to her severe impairment of left carpometacarpal (CMC) degenerative joint disease at the left hand" precludes plaintiff from performing past relevant work as an office clerk. (Pl.'s MSJ (ECF No. 13) at 13.) The ALJ's hypothetical question to the VE, however, accounted for plaintiff's CMC impairment by limiting "handling and fingering" with the left hand to frequent.[3] (Tr. at 62.)

Moreover, the VE testified that plaintiff could perform not only the job of office clerk but also the job of receptionist. (Id.) Plaintiff argues that plaintiff's past work as a receptionist was "more consistent with" that of a clerk, which plaintiff "would not be able to perform . . . due to her limited bilateral finger dexterity." (Pl.'s MSJ (ECF No. 13) at 14.) The ALJ's residual functional capacity determination, however, did not find that plaintiff's righthand finger dexterity was impaired, and the court finds no error with respect to the ALJ's finding.

And, regardless of how plaintiff may have performed the job, the ALJ found that plaintiff could perform the job of receptionist both "as actually and generally performed." (Tr. at 42.) The general performance of a job concerns "[t]he functional demands and job duties of the occupation as generally required by employers throughout the national economy." Pinto v. Massanari, 249 F.3d 840, 845 (9th Cir. 2001). "[W]hen determining how the work is generally performed, the ALJ can rely on the descriptions given by the Dictionary of Occupational Titles ('DOT') or a vocational expert." Jonker v. Astrue, 725 F.Supp.2d 902, 911-12 (C.D. Cal. 2010).

////

[3] "Under the Social Security disability framework, the amount of time spent on various tasks/movements in a job are characterized as 'constant,' 'frequent,' and 'occasional.' Frequent is a duration that Social Security defines as occurring over one-third to two-thirds of the time[.]" Valero v. Colvin, No. CV 13-0499 JPR, 2015 WL 1201874, at *12 (E.D. Cal. Apr. 30, 2015).

For the reasons stated above, the court finds no error with respect to the VE's testimony. Accordingly, plaintiff is also not entitled to summary judgment on this claim.

CONCLUSION

The court has found that plaintiff is not entitled to summary judgment on any claim of error.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 13) is denied;
2. Defendant's cross-motion for summary judgment (ECF No. 14) is granted;
3. The decision of the Commissioner of Social Security is affirmed; and
4. The Clerk of the Court shall enter judgment for defendant and close this case.

Dated: March 6, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\benavides2601.ord